**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | |
|---|---|
| ALFRED C. DIZON<br><br>Plaintiff,<br><br>vs.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA.<br><br>Defendant. | CASE NO.   7:15-cv-168 |

## DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S NOTICE OF REMOVAL

Defendant, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("Defendant" or "Prudential"), by and through its attorneys, and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, files this Notice of Removal with respect to the above captioned case, which was filed and currently is pending in the Justice Court, Precinct 1, Place 1, Wichita County, Texas (Case No. SC 4625). In support of its Notice of Removal, Prudential states as follows:

1.  Prudential provides group life insurance benefits for veterans through the Veterans Group Life Insurance ("VGLI") program pursuant to the Servicemembers Group Life Insurance Act, 38 U.S.C. §§ 1965, *et seq.* and specifically 38 U.S.C. § 1977 ("SGLIA"). The group insurance benefits pursuant to the VGLI program are funded by Prudential Group Policy No. G-32000, which was issued to the Veterans' Administration (the "Policy").

2.  On September 23, 2015, Plaintiff, Alfred C. Dizon ("Plaintiff") filed this lawsuit in the Justice Court, Precinct 1, Place 1, Wichita County, Texas. The suit currently is pending and is recorded on the Court's docket as Case No. SC 4625. Plaintiff's deceased brother was

covered by the VGLI program. On behalf of his nephew, Plaintiff seeks life insurance benefits from Prudential under the VGLI program. Plaintiff also claims to be entitled to $10,000 under the VGLI program for funeral and cremation costs.

3. On October 29, 2015, Plaintiff caused Prudential to be served with the Complaint.

4. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of "all summons, pleadings, and orders" served upon Prudential in the state court action, are attached hereto as Exhibit 1 through 11.

5. Because Prudential has filed this Notice of Removal within thirty days of service of process, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

### Plaintiff's Claims Arise under Federal Law

6. Plaintiff represents himself *pro se*. He is the brother of the Insured. In his Complaint, Plaintiff states that Prudential failed to "compensate my late brothers [sic] surviving family members (niece and nephew) of their dad's life insurance money (OSGLI / SGLI) Servicemembers Group Life Insurance." (*See* Ex. 1, Complaint.)

7. Plaintiff additionally alleges that he is entitled to be compensated for the Insured's "viewing / cremation cost, and other encumbrances associated with the death and burning / cremation of a love [sic] one." (*Id.*) He states that "9 months of non-payment of insurance money is way beyond the range of reasonableness … to compensate surviving members." (*Id.*) Plaintiff seeks $10,000 for "interest charges accumulated monthly on credit card for 9 months of non-payment of beneficiaries and monthly interest earned of beneficiaries [sic] share of money was deposited in a bank."

8.      Plaintiff seeks to recover payment under the VGLI program; therefore, his claims arise under the laws of the United States within the meaning of 28 U.S.C. § 1331. *Rice v. Office of Servicemembers' Group Life Ins.*, 260 F.3d 1240 (10th Cir. 2001) (finding jurisdiction under 28 U.S.C. § 1331 over action alleging that service member's change of beneficiary under the Policy was invalid because federal law governed the issues of mental capacity and undue influence in the case given that the SGLI is a federal program and the SGLIA preempts state law determining the right to a policy's proceeds); *Prudential Ins. Co. v. Athmer*, 178 F.3d 473, 475-76 (7th Cir. 1999) (concluding, in a case where the policy owner was murdered by his wife, that federal law governed correct beneficiary pursuant to the SGLIA); *Agar v. Prudential Ins. of Am.*, No. 3:12-CV-03847-L, 2013 WL 2905955, at*4  (N.D. Tx. June 14, 2013) (holding plaintiff's state law claims involving policy proceeds under the Policy were preempted by the SGLIA); *Warnock v. Office of Servicemembers' Group Life Ins.*, No. 1:03-CV-1329-DFH, 2004 WL 1087364 (S.D. Ind. April 28, 2004) (finding jurisdiction under 28 U.S.C. § 1331 over claim for Family SGLI benefits).  Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

9.      Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Thus, Plaintiff's lawsuit may be removed to this Court.

10.     Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 124, this Court embraces the Justice Court, Precinct 1, Place 1, Wichita County,

Texas. Accordingly, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

11. Prompt written notice of this Notice of Removal has been sent to Plaintiff, and to the Clerk of Court for the Justice Court, Precinct 1, Place 1, Wichita County, Texas, as required by 28 U.S.C. § 1446(d). A copy of this notice is attached hereto as Exhibit 12.

12. Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331; therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

13. Should Plaintiff seek to remand this case to state court, Prudential respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, Prudential respectfully requests that the Court retain jurisdiction and allow Prudential to file a motion asking this Court to certify any remand order for interlocutory review by the Fifth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, Prudential submits that this action properly is removable based on federal question jurisdiction and respectfully requests that the above-described action pending against it be removed to the United States District Court for the Northern District of Texas. Prudential also requests all other relief, at law or in equity, to which it justly is entitled.

November 25, 2015                                            Respectfully submitted,

                                                            By: */s/ Esteban Shardonofsky*

                                                            Esteban Shardonofsky
                                                            Texas State Bar No. 24051323
                                                            SEYFARTH SHAW LLP
                                                            700 Milam Street, Suite 1400
                                                            Houston, Texas 77002-2812
                                                            Telephone: (713) 225-2300
                                                            Facsimile (713) 225-2340
                                                            sshardonofsky@seyfarth.com

                                                            ATTORNEY-IN-CHARGE FOR DEFENDANT,
                                                            THE PRUDENTIAL INSURANCE COMPANY
                                                            OF AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2015 I presented the foregoing Notice of Removal with the Clerk of the Court for filing and uploading to the CM/ECF system. The undersigned also served a copy of this Notice of Removal to the following via Federal Express Overnight Delivery and U.S. Mail.

    Alfred C. Dizon
    5333 Northview Drive
    Wichita Falls, Texas 76306

                                                            /s/ Esteban Shardonofsky
                                                            Esteban Shardonofsky