# EXHIBIT 10

# SEYFARTH SHAW

Seyfarth Shaw LLP
700 Milam Street
Suite 1400
Houston, Texas 77002-2312

(713) 225-2300
fax (713) 225-2340
www.seyfarth.com

FILED
NOV 1 2 2015
JANICE RALSTON SONS
JUSTICE OF PEACE PCT 1, PL 1
WICHITA COUNTY

Writer's direct phone
(713) 225-1001
Writer's e-mail
sshardonofsky@seyfarth.com

November 12, 2015

**Via Facsimile (940) 766-8282 and Federal Express**
Judge Janice Ralston Sons
Justice of the Peace
Precinct 1 Place 1
900 Seventh Street, Room 281
Wichita Falls, Texas 76301

Attn: Jane Cearley, Chief Clerk

Re: Cause No. SC4625; *Alfred C. Dizon v. The Prudential Insurance Company of America*; Justice of the Peace Precinct 1 Place 1, Wichita County, Texas

Dear Ms. Cearley:

Enclosed for filing in the above-referenced matter is the original and one copy of Prudential's Answer and Defenses.

As proof of filing, please place your file mark on the enclosed extra copy and return same for our files. By copy of this letter, counsel has been served with a true and correct copy of the enclosed.

Thank you for your assistance in this regard.

Cordially,

Beverly A. Maxwell
Legal Secretary to Esteban Shardonofsky

ES:bam
Enclosure

Cc: Alfred C. Dizon - **Via Certified Mail RRR 9414 7266 9904 2047 6231 00**
5333 Northview Drive
Wichita Falls, Texas 76306

WASHINGTON, D.C. | SYDNEY | SHANGHAI | SAN FRANCISCO | SACRAMENTO | NEW YORK | MELBOURNE | LOS ANGELES | LONDON | HOUSTON | CHICAGO | BOSTON | ATLANTA

22484099v.1



FILED

NOV 12 2015

JANICE RALSTON SONS
JUSTICE OF PEACE PCT 1, PL
WICHITA COUNTY

CAUSE NO. SC 4625

| | | |
|---|---|---|
| ALFRED C. DIZON, | § | IN THE JUSTICE COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | PRECINCT 1 PLACE 1 |
| | § | |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, , | § | |
| | § | |
| Defendants. | § | WICHITA COUNTY TX |

## PRUDENTIAL'S ANSWER AND DEFENSES

Defendant, The Prudential Insurance Company of America ("Prudential" or "Defendant"), by and through its attorneys, hereby files its Answer and Defenses to Plaintiff's Petition, and respectfully shows as follows:

### I. GENERAL DENIAL

Subject to such stipulations as may hereafter be made, Defendant asserts a general denial, in accordance with Rule 92 of the Texas Rules of Civil Procedure, and requests that Plaintiff prove his charges and allegations by a preponderance of the evidence or clear and convincing evidence, where appropriate, as required by the Constitution and laws of the State of Texas.

### II. DEFENSES

By pleading the following Defenses, Defendant does not concede that each of the matters covered by the numbered defenses is to be proven by Defendant, and Defendant reserves its position that Plaintiff retain the burden of proof on all matters necessary to state the claims asserted in Plaintiff's Petition and to establish his alleged damages. Without prejudice to its denials and other statements of its pleading, Defendant alleges the following defenses:



1. Plaintiff's claims, in whole or in part, fail to state claims upon which relief can be granted as a matter of fact and law.

2. Plaintiff's requests for damages are barred because Defendant has fully performed, satisfied, and/or discharged all of its duties and/or obligations under the SGLI policy.

3. Plaintiff's claims are barred by the terms, conditions, and obligations of the SGLI policy.

4. Plaintiff seeks benefits that are not provided under SGLI policy terms or law.

5. Plaintiff's request for damages is barred because Defendant did not breach any duty owed to Plaintiff.

6. Any benefits due to Plaintiff are subject to offset, integration, or other deduction or adjustments in accordance with applicable SGLI policy terms.

7. The Petition, including each and every purported cause of action alleged therein against Defendant, is barred because Defendant acted reasonably and in good faith at all times.

8. Plaintiff's claims are barred, in whole or in part, based upon a failure of consideration.

9. Plaintiff's claims, to the extent that they are based upon representations made outside the applicable written agreements, are barred by the parol evidence rule.

10. Damages sustained by Plaintiff, if any, were not proximately caused by Defendant.

11. Some or all of the claims against Defendant are barred because Plaintiff's damages, if any, were caused, in whole or in part, by the superseding or intervening conduct of Plaintiff, independent third parties, or events that were extraordinary under the circumstances,

not foreseeable in the normal course of events, or independent of or far removed from Defendant's conduct or control.

12. Plaintiff's damages, if any, were caused by the sole or comparative fault of the Plaintiff or other third parties, including, but not limited to, third parties not under Defendant's direction or control. Such fault bars or, in the alternative, reduces Plaintiff's recovery.

13. Plaintiff's claims are barred because he has failed to mitigate his damages, if any such damages exist.

14. Plaintiff is barred and/or estopped from obtaining any relief by his own conduct, acts, omissions, and unclean hands.

15. Plaintiff's damages, if any, would amount to an unjust enrichment.

16. Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered the injury or damages alleged, or any other injury or damages.

17. Plaintiff lacks standing to bring this claim against Defendant because he is not a beneficiary under the SGLI policy.

18. Plaintiff failed to file a claim for benefits with Defendant under the applicable SGLI policy.

19. Plaintiff's state law claims are preempted by the Servicemembers' Group Life Insurance Act.

20. The Petition fails to state facts sufficient to constitute a cause of action for exemplary or punitive damages. If it should be determined that claims for punitive damages are applicable in this action, such application would constitute a violation of Prudential's Constitutional rights pursuant to Article I Section 10, Article IV Section 2, and the First, Fifth,

Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States, and the Constitution for the State of Texas.

21. The Petition, and any cause of action thereof, fails to state claims, in part or whole, that entitle Plaintiff to an award of exemplary damages because the conduct about which Plaintiff complains, if wrongful, did not result from fraud, malice, or gross negligence. *See* TEX. CIV. PRAC. & REM. CODE § 41.003(a).

22. Plaintiff is not entitled to an award of attorneys' fees under any of their theories of recovery.

Defendant reserves its right to amend its Answer and Defenses as may become available or apparent at a future date.

### III. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant, The Prudential Insurance Company of America, prays (1) that Plaintiff take nothing by this suit, (2) that Prudential recover all costs incurred by it in the defense of Plaintiff's allegations and claims for relief, and (3) for such other relief, legal or equitable, to which it is justly entitled.

-4-

22463470v.1

DATED: November 12, 2015                    Respectfully submitted,

                                            By: /s/ Esteban Shardonofsky
                                            Esteban Shardonofsky
                                            Texas State Bar No. 24051323
                                            SEYFARTH SHAW LLP
                                            700 Milam Street, Suite 1400
                                            Houston, Texas 77002-2812
                                            Telephone: (713) 225-2300
                                            Facsimile: (713) 225-2340
                                            sshardonofsky@seyfarth.com

                                            Attorneys for Defendant,
                                            THE PRUDENTIAL INSURANCE
                                            COMPANY OF AMERICA.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he served a copy of the foregoing *PRUDENTIAL'S ANSWER AND DEFENSES* to the following via certified mail return receipt requested, on this 12th day of November, 2015:

Alfred C. Dizon
5333 Northview Drive
Wichita Falls, Texas 76306

                                            /s/ Esteban Shardonofsky
                                            Esteban Shardonofsky