IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| ALFRED C. DIZON, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 7:15-cv-00168-O |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | § § § § | |
| Defendant. | § § § | |

## ORDER

Before the Court are Defendant's Motion for Judgment on the Pleadings and Brief in Support (ECF Nos. 13–14), filed February 10, 2016. Plaintiff did not file a response. Having considered the Motion, related briefing, and applicable law, the Court finds the Motion should be and is hereby **GRANTED**.

### I.   BACKGROUND

The following factual recitation is taken from Plaintiff's Complaint. Not. Removal Ex. 1 ("Compl."), App. 1, ECF No. 1-1. Plaintiff Alfred C. Dizon ("Dizon") is the brother of the unnamed decedent at issue. *Id*. Dizon alleges that Defendant Prudential Insurance Company of America ("Prudential") failed to compensate his niece and nephew from the decedent, their father's Servicemember Group Life Insurance Act ("SGLIA") group life insurance proceeds. *Id*. Dizon also seeks reimbursement for the decedent's viewing and cremation costs. *Id*. Dizon asserts that "[nine] months of insurance money is way beyond the range of reasonableness . . . to compensate surviving members," and seeks "interest charges accumulated monthly on credit card for [nine] months for

non-payment of beneficiaries and money interest earned of beneficiaries['] share, if money was deposited in a bank." *Id*.

Dizon filed this action in Texas state court on September 23, 2015, and served Prudential on October 19, 2015. *See id*. Prudential timely removed this action to federal court on November 25, 2015. *See* Notice Removal, ECF No. 1. Prudential filed the instant Motion for Judgment on the Pleadings (ECF No. 13) on February 10, 2016. Dizon did not file a Response. Prudential's motion is now ripe for this Court's review.

## II.    LEGAL STANDARD

### A.    Federal Rule of Civil Procedure 12(c)

"The standard for deciding a Rule 12(c) motion [for judgment on the pleadings] is the same as a Rule 12(b)(6) motion to dismiss." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). To defeat a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly,* 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal

conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 129 S.Ct. at 1949-50. When there are well-pleaded factual allegations, courts assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.*

  **B.** **The Servicemembers' Group Life Insurance Act ("SGLIA")**

  "Congress enacted the SGLIA in 1965 'to make life insurance coverage available to members of the uniformed services on active duty, particularly in combat zones.'" *Agar v. Prudential Ins. of Am.*, No. 3:12-cv-03847-L, 2013 WL 2905955, at *3 (N.D. Tex. June 14, 2013) (Lindsay, J.) (quoting *Ridgway v. Ridgway*, 454 U.S. 46, 50 (1981)). "The impetus for the legislation was the escalating level of hostilities and casualties in the then ongoing Vietnam conflict; this had prompted private commercial insurers to restrict coverage for service members." *Ridgway*, 454 U.S. at 50. "The National Service Life Insurance Act, enacted in 1940, was the predecessor to the SGLIA. It was implemented prior to the United States' engagement in World War I and lapsed after the Korean War." *Agar*, 2013 WL 2905955, at *3 (citing *id.* at 50–51).

  "[T]he SGLIA differs from the predecessor program in that it directs the Administrator of Veterans' Affairs to purchase coverage from one or more qualified commercial insurers instead of offering coverage by the United States itself." *Ridgway*, 454 U.S. at 51 (citing 38 U.S.C. § 766). "Thus, under the SGLIA, the Government is the policyholder, rather than the insurer." *Ridgway*, 454 U.S. at 51. "The SGLIA initially provided insurance only for members serving in specific services." *Id*. "Since 1965, however, statutory changes have expanded both eligibility for coverage in the amount of insurance available. The program is operated on a presumptive enrollment basis; coverage is provided automatically and premiums are withheld from the service member's pay, unless the

3

insurance is expressly declined or is terminated by written election." *Id*. (citing 38 U.S.C. §§ 767(a), 769)).

The SGLIA provides a specified "order of precedence" for policy beneficiaries. 38 U.S.C. § 1970(a). "By this statutory provision, the proceeds of a policy are paid first to such 'beneficiary or beneficiaries as the member . . . may have designated by [an appropriately filed] writing received prior to death.'" *Ridgway*, 454 U.S. at 52. "If there be no such designated beneficiary, the proceeds go to the widow or widower of the service member or, if there also be no widow or widower, 'to the child or children of such member . . . and descendants of deceased children by representation.' Parents, and then the representative of the insured's estate . . . are next in order." *Id*.

## III.    ANALYSIS

Prudential moves to dismiss all of Dizon's claims, arguing that: (1) he lacks standing under Article III to pursue compensation on behalf of his niece and nephew; (2) he lacks standing under the SGLIA to pursue reimbursement for funeral costs and interest; and (3) in the alternative, Dizon's claim for reimbursement as construed beyond the scope of SGLIA is nevertheless preempted by SGLIA. The Court addresses each of Prudential's arguments in turn.

### A.    Dizon Lacks Article III Standing to Pursue a Claim for Benefits On Behalf of His Niece and Nephew.

Prudential claims that Dizon lacks standing under Article III of the United States Constitution to bring a claim for benefits on behalf of his niece and nephew. Def.'s Br. Supp. Mot. 4–6, ECF No. 14. Specifically, Prudential avers that Dizon has not shown he is a beneficiary under the decedent's SGLIA policy, and thus "has no injury in fact with respect to his claim for benefits on behalf of his niece and nephew. In other words he not suffered any injury as a result of Prudential's alleged

4

misconduct . . . ." *Id*. at 5.

"Every party that comes before a federal court must establish that it has standing to pursue its claims." *Cibolo Waste, Inc. v. City of San Antonio*, 718 F.3d 469, 473 (5th Cir. 2013); *see also Barrett Comput. Servs., Inc. v. PDA, Inc.*, 884 F.2d 214, 218 (5th Cir. 1989). "The doctrine of standing asks 'whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.'" *Cibolo Waste*, 718 F.3d at 473 (quoting *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004)).

Standing has both constitutional and prudential components. *See Cibolo Waste*, 718 F.3d at 473 (quoting *Elk Grove*, 542 U.S. at 11) (stating standing "contain[s] two strands: Article III standing . . . and prudential standing"). Constitutional standing requires a plaintiff to establish that she has suffered an injury in fact traceable to the defendant's actions that will be redressed by a favorable ruling. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "Prudential standing requirements exist in addition to 'the immutable requirements of Article III,' . . . as an integral part of 'judicial self-government.'" *ACORN v. Fowler*, 178 F.3d 350, 362 (5th Cir.1999); *Lujan*, 504 U.S. at 560. "The goal of this self-governance is to determine whether the plaintiff 'is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial power.'" *Id.* (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 n.8 (1986)). The Supreme Court has observed that prudential standing encompasses "at least three broad principles," including "the general prohibition on a litigant's raising another person's legal rights . . . ." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1386 (2014); *Cibolo Waste*, 718 F.3d at 474 (quoting *Elk Grove*, 542 U.S. at 12); *see also Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 290 (2008) (discussing cases where third-parties sought "to assert not their own legal

5

rights, but the legal rights of others"); *Vt. Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 773 (2000) (noting "the assignee of a claim has standing to assert the injury in fact suffered by the assignor").

In *Prudential Insurance Company of America v. Flanigan*, the Fifth Circuit considered an appeal from a district court's decision awarding SGLIA benefits to the decedent's parents instead of her stepson, the plaintiff's biological son. No. 99-20064, 1999 WL 1328633 (5th Cir. 1999). The Fifth Circuit held that the plaintiff lacked Article III standing to appeal his claim because he "lack[ed] the requisite stake in the proceedings." *Id*. at *1.

Here, Dizon similarly fails to show he suffered any injury in fact from Prudential's alleged misconduct or that he otherwise has a financial stake in his niece or nephew's claim for benefits. Thus, Defendant's Motion is **GRANTED** as to Plaintiff's claim for benefits on behalf of his niece and nephew.

**B.     Dizon Lacks Statutory Standing Under the SGLIA to Pursue His Claim on Behalf of His Niece and Nephew or a Claim for Reimbursement for Funeral Costs and Interest.**

Prudential argues that Dizon lacks standing under the SGLIA to pursue any of his claim because he has failed to demonstrate a claim that he is a designated beneficiary of the proceeds. Def.'s Br. Supp. Mot. 5–6, ECF No. 14. Prudential argues that in the alternative, Dizon does not demonstrate how he is otherwise entitled to the proceeds by the "order of precedence" established by 38 U.S.C. § 1970(a). *See id.*; *see supra* Part II.B.

The Court finds that Dizon does not allege he is the designated beneficiary under the decedent's SGLIA policy or that he is entitled to the benefits, but instead alleges only that his niece and nephew are entitled to the benefits. The Court has already found that Dizon has not shown how

6

he has a financial stake in his niece or nephew's claim for benefits. *See supra* Part III.A. Similarly, without Dizon showing how he was a designated beneficiary, he cannot pursue a claim for funeral costs and interests. *See*, *e.g.*, *Gavin v. Prudential Office of Servicemen's Group Life Ins. Co.*, No. 12-1946, 2013 WL 2370513, at *4 (D. Md. May 30, 2013) ("Because [the plaintiff] is not an eligible beneficiary to the Policy at issue here, Plaintiff cannot suffer an injury from the disbursement of Policy benefits.").

Therefore, the Court finds that Dizon lacks standing under the SGLIA with respect to his claim on behalf of his niece and nephew because he is neither the designated beneficiary to the benefits, nor a party entitled to recover benefits under 38 U.S.C. § 1970. He also lacks standing under the SGLIA to pursue reimbursement for funeral costs and interests. Accordingly, Defendant's motion to dismiss Dizon's claims brought under the SGLIA is **GRANTED**.

### C. Dizon's Claim for Funeral Costs and Interest Construed As Outside of the SGLIA Should Nevertheless Be Dismissed As Preempted By the SGLIA.

Prudential contends that to the extent that Dizon brought his claim for funeral costs and interest as beyond the scope of the SGLIA, this claim should still be dismissed as preempted by the SGLIA. Def.'s Br. Supp. Mot. 9–12, ECF No. 14. Prudential argues that "it is clear that Plaintiff seeks damages that are not part of the contract entered into between the federal government and Prudential or otherwise contemplated by the governing statute." *Id*. at 12. However, Prudential argues, "[t]o recover damages outside of benefits on the policy would be contrary to the uniformity of the SGLIA." *Id*.

To ascertain congressional intent for purposes of determining whether a state law is preempted, "Congress' intent may be 'explicitly stated in the statute's language or implicitly

7

contained in its structure and purpose.'" *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516 (1992) "In the absence of an express congressional command, state law is pre[]empted if that law actually conflicts with federal law, or if federal law so thoroughly occupies a legislative field 'as to make reasonable the inference that Congress left no room for the States to supplement it.'" *Id*. (quoting *Rice v. Santa Fe Elevator Corp*., 331 U.S. 218, 230 (1947)); *see also Pacific Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n*, 461 U.S. 190, 204 (1983); *Fidelity Fed. Sav. & Loan Assn. v. De la Cuesta*, 458 U.S. 141, 153 (1982)).

In *Agar v. Prudential Insurance Company of America*, a Northern District of Texas court recognized that while the Fifth Circuit had yet to address the SGLIA's preemptive effect, district courts outside of the Fifth Circuit concluded state law claims are "field" preempted by the SGLIA.[1] 2013 WL 2905955, at *4. For instance, the court addressed *Parker v. Office of Servicemembers' Group Life Insurance*, where a district court determined that the SGLIA preempted a plaintiff's state law claims including breach of contract and bad faith. 91 F . Supp. 2d 820, 821 (E.D. Pa. 2000). The *Parker* court concluded,

> If defendants were subject to liability under the various state laws for their actions in making policy determinations under the SGLIA, the uniform life insurance program for the members of the armed forces and their beneficiaries would no longer be uniform . . . . We do not think that Congress intended such diverse results, particularly because the United States is the policyholder and is subsidizing the program.

*Agar*, 2013 WL 2905955, at *3 (quoting *Parker*, 91 F. Supp. 2d at 821). The *Agar* court similarly held that "Plaintiff's state law claims under the Texas Insurance Code are preempted by the SGLIA"

---

[1] "Field" preemption applies where "federal law so thoroughly occupies a legislative field as make reasonable the inference that Congress left no room for the States to supplement it." *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516 (1992).

and dismissed the claim with prejudice. *Id*. at *5.

Here, Dizon alleges that Prudential should reimburse him for the funeral costs of the decedent, credit card interest, and purported interest accumulated on unpaid benefits due to alleged *unreasonable delay*. Compl. 1, ECF No. 1. Construing his pro se pleadings liberally, it appears that Dizon attempts to bring a claim for reimbursement outside the scope of the SGLIA. However, for the aforementioned reasons, the Court finds that this claim is preempted by the SGLIA, and Defendant's Motion is **GRANTED**.

### IV. CONCLUSION

For the aforementioned reasons, the Court finds that Defendant's Motion for Judgment on the Pleadings should be **GRANTED**. To the extent that Dizon's claim for reimbursement is brought beyond the scope of the SGLIA, his claim is **DISMISSED with prejudice**.

The Court further finds that Dizon lacks Article III standing to bring a claim on behalf of his niece and nephew, and that he failed to state a claim under the SGLIA. Therefore, Defendants' motion to dismiss is **GRANTED**. If Plaintiff wishes to amend his Complaint to cure the aforementioned deficiencies as to his SGLIA claims, he may do so by filing an Amended Complaint on or before **March 30, 2016**. Otherwise, the Court will dismiss both of these claims with prejudice.

**SO ORDERED** on this **17th day** of **March, 2016.**

Reed O'Connor
UNITED STATES DISTRICT JUDGE