UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| ALFRED C. DIZON<br><br>            Plaintiff,<br><br>    vs.<br><br>THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA.<br><br>            Defendant. | CASE NO. 7:15-cv-00168-O |

**MOTION AND MEMORANDUM IN SUPPORT OF**
**MOTION TO STAY DEADLINES PENDING DECISION ON MOTION TO DISMISS**

Pursuant to the Court's inherent authority to control its docket, *see, e.g.*, *Landis* v. *North Am. Co.,* 299 U.S. 248, 254 (1936), Defendant, The Prudential Insurance Company of America ("Prudential"), moves the Court to stay the deadlines in the Court's December 28, 2016 Scheduling Order (ECF No. 12) pending the outcome of Prudential's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 18).

The main issue in this litigation at this time is whether Plaintiff lacks standing under Article III of the United States Constitution and the SGLIA, 38 U.S.C. §§ 1965, *et seq.*, to pursue a claim for life insurance benefits on behalf of his niece and nephew. On March 17, 2016, this Court answered these questions in the negative, finding that Plaintiff lacked standing under both Article III and the SGLIA to bring a claim for life insurance benefits on behalf of his niece and nephew. (ECF No. 16.)

In its decision, the Court gave Plaintiff the opportunity to file an Amended Complaint to cure the deficiencies as to his SGLIA claims. (*Id.*). Pursuant to this opportunity, Plaintiff filed an Amended Complaint on March 31, 2016. (ECF No. 17.) On April 15, 2016, Prudential filed

a Motion to Dismiss Plaintiff's Amended Complaint on the basis that Plaintiff's Amended Claim did not cure the deficiencies identified in the Court's March 17, 2016 Order and that Plaintiff still lacks standing under Article III and the SGLIA. (ECF Nos. 18 and 19.) Prudential now requests that this Court stay the deadlines in its December 28, 2016 Scheduling Order pending the outcome of Prudential's Motion to Dismiss Plaintiff's Amended Complaint.

A stay of proceedings would promote judicial efficiency, avoid needless proceedings, and preserve the parties' and the court's limited resources. When deciding whether a stay of the proceedings is appropriate, courts consider the following factors: "1) hardship and inequity on the moving party without a stay; 2) prejudice the non-moving party will suffer if a stay is granted; and 3) judicial economy." *Halliburton Energy Services, Inc. v. BP Exploration & Production Inc.,* Civil Action No. H-11-3392. (S.D. Tex 2010). Denying a stay will produce great hardship on all parties as a result of moving forward with potentially unnecessary litigation. Depending on the outcome of the Motion to Dismiss, Plaintiff may have no claim whatsoever. Therefore, the impact of the Motion to Dismiss on the instant case may be dispositive, obviating the need for further proceedings in this matter.

Wherefore, Prudential respectfully requests this Court grant a stay of the proceedings and all pending deadlines in the scheduling order as to Plaintiff's claim under the SGLIA, pending the outcome of Prudential's Motion to Dismiss (ECF No. 15).

Dated: April 29, 2016                                            Respectfully submitted,

                                                    **SEYFARTH SHAW LLP**

                                                    */s/ Megan E. Troy*
                                                    Megan E. Troy

                                                    Esteban Shardonofsky
                                                    Texas State Bar No. 24051323
                                                    700 Milam Street, Suite 1400
                                                    Houston, TX 77002

Telephone: (713) 225-2300
Facsimile: (713) 225-2340
sshardonofsky@seyfarth.com

Ada W. Dolph (*Pro Hac Vice*)
Megan E. Troy (*Pro Hac Vice*)
131 S. Dearborn Street
Suite 2400
Chicago, IL 60603
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
adolph@seyfarth.com

*Attorneys for Defendant, The Prudential Insurance Company of America.*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing Defendant's Memorandum Of Law In Support Of Its Motion To Stay Proceedings has been served upon the following pro se plaintiff, as listed below, via the Court's ECF method, email, and U.S. mail on this the 29th day of April, 2016.

      Alfred C. Dizon
      5333 Northview Drive
      Wichita Falls, Texas 76306

      */s/ Megan E. Troy*
      Megan E. Troy