IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **ALFRED C. DIZON,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:15-cv-00168-O |
| § | |
| **THE PRUDENTIAL INSURANCE** § | |
| **COMPANY OF AMERICA,** § | |
| § | |
| Defendant. § | |

**ORDER**

Before the Court are Defendant's Motion to Dismiss and Brief in Support (ECF Nos. 18–19), filed April 15, 2016. Plaintiff did not file a timely response. Having considered the motion, related briefing, and applicable law, the Court finds the motion should be and is hereby **GRANTED**.

**I.    BACKGROUND**

The following factual recitation is taken from Plaintiff's Complaint and Plaintiff's Motion for Unnoted/Unmentioned and Clarifications of Claims (hereinafter "Amended Complaint"). Notice Removal, Ex. 1 ("Compl."), App. 1, ECF No. 1-4; Am. Compl., ECF No. 17.[1] Plaintiff Alfred C. Dizon ("Dizon") is the brother of the unnamed decedent at issue. Am. Compl. 1, ECF No. 17. Dizon alleges that Defendant Prudential Insurance Company of America ("Prudential") failed to compensate his niece and nephew from the decedent, their father's, Servicemembers' Group Life Insurance ("SGLI") group life insurance proceeds. *Id.* Dizon also seeks reimbursement for the

---

[1] Plaintiff's Amended Complaint does not provide the full factual recitation necessary to summarize the factual background of this case for purposes of resolving Defendant's Motion to Dismiss, but instead appears only to supplement the original Complaint.

decedent's viewing and cremation costs. Compl. 1, ECF No. 1-4. Dizon asserts that "[nine] months of insurance money is way beyond the range of reasonableness . . . to compensate surviving members," and seeks "interest charges accumulated monthly on a credit card for [nine] months for non-payment of beneficiaries and money interest earned of beneficiaries['] share, if money was deposited in a bank." *Id*.

Dizon states that the SGLI proceeds "were supposed to be divided to three individuals, where each beneficiary should receive 33% of said 100% SGLI." Am. Compl. 1, ECF No. 17. The three beneficiaries included the wife, daughter, and son of the deceased. *Id*. However, the decedent's wife pre-deceased the husband, thereby leaving two beneficiaries of said SGLI benefits, each of whom are entitled to 50% of the full SGLI proceeds. *Id*.

Dizon filed this action in Texas state court on September 23, 2015, and served Prudential on October 19, 2015. *See generally* ECF No. 1. Prudential timely removed this action to federal court on November 25, 2015. *See* Notice Removal, ECF No. 1. On February 10, 2016, Prudential filed a Motion for Judgment on the Pleadings. Mot., Feb. 10, 2016, ECF No. 10. The Court granted Prudential's Motion, holding that Dizon lacks Article III standing to pursue a claim for SGLI benefits on behalf of his niece and nephew. *See* Order 4–6, Mar. 17, 2016, ECF No. 16. The Court also held that Dizon lacks statutory standing under the Servicemembers' Group Life Insurance Act ("SGLIA") to pursue his claim on behalf of his niece and nephew or a claim for reimbursement for funeral costs and interest. *See id.* at 6–7. The Court further concluded that Dizon's claim for funeral costs and interest brought outside the SGLIA is preempted by the SGLIA. *See id.* at 7–9. The Court dismissed with prejudice Dizon's claim for reimbursement of funeral costs and interest brought outside the

2

SGLIA. *Id*. at 9. The Court granted Dizon leave to replead his other claims brought under the SGLIA. *Id.*

Dizon filed his Amended Complaint and Prudential filed the instant Motion to Dismiss. Dizon did not file a timely Response. Prudential's Motion is now ripe for review.

## II.     LEGAL STANDARDS

### A.     Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a

defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

"Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A court may also consider documents that a defendant attaches to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

Allegations of pro se complaints are held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A plaintiff's pleadings must be liberally construed, and ambiguity must be viewed in the pro se plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A district court commits error "in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx*

*v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). However, this error is removed if the plaintiff has alleged his "best case." *Id*. A court can consider a plaintiff to have asserted his best case when the plaintiff has had "fair opportunity to make out [his] case." *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).

### B.   The Servicemembers' Group Life Insurance Act ("SGLIA")

"Congress enacted the SGLIA in 1965 'to make life insurance coverage available to members of the uniformed services on active duty, particularly in combat zones.'" *Agar v. Prudential Ins. of Am.*, No. 3:12-cv-03847-L, 2013 WL 2905955, at *3 (N.D. Tex. June 14, 2013) (Lindsay, J.) (quoting *Ridgway v. Ridgway*, 454 U.S. 46, 50 (1981)). "The impetus for the legislation was the escalating level of hostilities and casualties in the then ongoing Vietnam conflict; this had prompted private commercial insurers to restrict coverage for service members." *Ridgway*, 454 U.S. at 50. "The National Service Life Insurance Act, enacted in 1940, was the predecessor to the SGLIA. It was implemented prior to the United States' engagement in World War I and lapsed after the Korean War." *Agar*, 2013 WL 2905955, at *3 (citing *id*. at 50–51).

"[T]he SGLIA differs from the predecessor program in that it directs the Administrator of Veterans' Affairs to purchase coverage from one or more qualified commercial insurers instead of offering coverage by the United States itself." *Ridgway*, 454 U.S. at 51 (citing 38 U.S.C. § 766). "Thus, under the SGLIA, the Government is the policyholder, rather than the insurer." *Ridgway*, 454 U.S. at 51. "The SGLIA initially provided insurance only for members serving in specific services." *Id*. "Since 1965, however, statutory changes have expanded both eligibility for coverage in the amount of insurance available. The program is operated on a presumptive enrollment basis;

5

coverage is provided automatically and premiums are withheld from the service member's pay, unless the insurance is expressly declined or is terminated by written election." *Id*. (citing 38 U.S.C. §§ 767(a), 769)).

The SGLIA provides a specified "order of precedence" for policy beneficiaries. 38 U.S.C. § 1970(a). "By this statutory provision, the proceeds of a policy are paid first to such 'beneficiary or beneficiaries as the member . . . may have designated by [an appropriately filed] writing received prior to death.'" *Ridgway*, 454 U.S. at 52. "If there be no such designated beneficiary, the proceeds go to the widow or widower of the service member or, if there also be no widow or widower, 'to the child or children of such member . . . and descendants of deceased children by representation.' Parents, and then the representative of the insured's estate . . . are next in order." *Id*.

### III.     ANALYSIS

Defendant argues that the Court "again should find that (1) Plaintiff lacks standing under Article III of the United States Constitution to pursue a claim for life insurance benefits on behalf of his niece and nephew; and (2) Plaintiff lacks standing under the [SGLIA] to pursue a claim for benefits and interest on behalf of his niece and nephew." Def.'s Br. Supp. Mot. Dismiss 4, ECF No. 19. The Court will address each contention in turn.

####     A.     Dizon Lacks Article III Standing to Pursue a Claim for Benefits On Behalf of His Niece and Nephew.

Prudential claims that "Plaintiff's Amended Complaint still fails to show that he has any financial stake in beneficiaries' claim for benefits," such that Dizon lacks Article III standing. Def.'s Br. Supp. Mot. 7, ECF No. 19.

6

"Every party that comes before a federal court must establish that it has standing to pursue its claims." *Cibolo Waste, Inc. v. City of San Antonio*, 718 F.3d 469, 473 (5th Cir. 2013); *see also Barrett Comput. Servs., Inc. v. PDA, Inc.*, 884 F.2d 214, 218 (5th Cir. 1989). "The doctrine of standing asks 'whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.'" *Cibolo Waste*, 718 F.3d at 473 (quoting *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004)).

Standing has both constitutional and prudential components. *See id.* (stating standing "contain[s] two strands: Article III standing . . . and prudential standing"). Constitutional standing requires a plaintiff to establish that she has suffered an injury in fact traceable to the defendant's actions that will be redressed by a favorable ruling. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). "Prudential standing requirements exist in addition to 'the immutable requirements of Article III,' . . . as an integral part of 'judicial self-government.'" *ACORN v. Fowler*, 178 F.3d 350, 362 (5th Cir. 1999); *Lujan*, 504 U.S. at 560. "The goal of this self-governance is to determine whether the plaintiff 'is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial power.'" *Id.* (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 n.8 (1986)). The Supreme Court has observed that prudential standing encompasses "at least three broad principles," including "the general prohibition on a litigant's raising another person's legal rights . . . ." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1386 (2014); *Cibolo Waste*, 718 F.3d at 474 (quoting *Elk Grove*, 542 U.S. at 12); *see also Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 290 (2008) (discussing cases where third-parties sought "to assert not their own legal rights, but the legal rights of others"); *Vt. Agency of Nat.*

*Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 773 (2000) (noting "the assignee of a claim has standing to assert the injury in fact suffered by the assignor").

As Defendant notes, the Court referenced *Prudential Insurance Company of America v. Flanigan* in granting Defendant's previous motion. No. 99-20064, 1999 WL 1328633 (5th Cir. 1999); *see also* Pl.'s Br. Supp. Mot. 7, ECF No. 19; Order, Mar. 17, 2016, ECF No. 16. There, the Fifth Circuit considered an appeal from a district court's decision awarding SGLI benefits to the decedent's parents instead of her stepson, the plaintiff's biological son, and held that the plaintiff lacked Article III standing to appeal his claim because he "lack[ed] the requisite stake in the proceeding." Order 6, Mar. 17. 2016, ECF No. 16 (quoting *Prudential*, 1999 WL 1328633, at *1). As to Dizon's original Complaint, this Court accordingly held that "Dizon similarly fails to show he suffered any injury in fact from Prudential's alleged misconduct or that he otherwise has a financial stake in his niece or nephew's claim for benefits." Order 6, Mar. 17, 2016, ECF No. 16.

The Court finds that Dizon's Amended Complaint, which provides more detail as to the three beneficiaries of the SGLI proceeds, still fails to show how he has suffered any injury in fact or otherwise has a financial stake in his niece or nephew's claim for benefits. Therefore, Dizon lacks Article III standing, and Defendant's Motion is **GRANTED** as to Plaintiff's claim for benefits on behalf of his niece and nephew.

    **B.**    **Dizon Lacks Statutory Standing Under the SGLIA to Pursue His Claim on Behalf of His Niece and Nephew Or a Claim for Reimbursement for Funeral Costs and Interest.**

Prudential argues that "Plaintiff still does not allege that he was a beneficiary under the SGLI policy at issue in his Amended Complaint, and therefore, he has not suffered an injury because he

has no financial stake in the matter." Def.'s Br. Supp. Mot. 5, ECF No. 19. Prudential concludes that the Court should again find that "Plaintiff lacks standing under the SGLIA with respect to his claim for benefits and interest on behalf of his niece and nephew because he is neither the designated beneficiary to the benefits at issue, nor a party entitled to recover benefits under 38 U.S.C. § 1970." *Id*.

The Court agrees. Dizon again fails to allege that he is a beneficiary under the SGLI policy, instead only providing further information regarding the sole beneficiaries, his niece and nephew, and requesting that the Court "please award to my niece and nephew what is rightfully theirs." *See* Am. Compl. 1–2, ECF No. 17. The Court has already found that Dizon failed to allege he has a financial stake in his niece and nephew's claim for benefits. *See supra* Section III.A. Therefore, the Court again finds that Dizon lacks standing under the SGLIA with respect to his claim on behalf of his niece and nephew because he is neither the designated beneficiary to the benefits, nor a party entitled to recover benefits under 38 U.S.C. § 1970. Furthermore, he also lacks standing under the SGLIA to pursue reimbursement for funeral costs and interest. Accordingly, Prudential's motion to dismiss Dizon's claims brought under the SGLIA is **GRANTED**.

IV. **CONCLUSION**

For the aforementioned reasons, the Court finds that Defendant's Motion to Dismiss should be **GRANTED**. The Court finds that in light of previously granting Dizon leave to amend, Dizon has now had a "fair opportunity to make out [his] case" and he has alleged his "best case." *Jacquez*, 801 F.2d at 792; *Bazrowx*, 136 F.3d at 1054. Based on the foregoing, Plaintiff's claims are **DISMISSED with prejudice**. A Final Judgment will issue separately.

9

**SO ORDERED** on this **11th day** of **May, 2016**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**